UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

National Review Inc.
19 West 44th Street
Suite 1701
New York, N.Y. 10036

    Plaintiff,

v.

Office of the Director of National Intelligence
1500 Tysons McLean Drive
McLean, VA 22101,

    Defendant

**COMPLAINT**

1. Plaintiff, National Review, brings this complaint by and through undersigned counsel against Defendant, Office of the Director of National Intelligence, for violation of the Freedom of Information Act (FOIA) (5 U.S.C. § 552). National Review is a news site covering government, global, and political news. As laid out in more detail below, a political reporter for National Review, Audrey Fahlberg, submitted a FOIA request to Office of the Director of National Intelligence (ODNI) on June 16, 2025, seeking records regarding the production and distribution of the Gabbard Video. ODNI acknowledged receipt of Ms. Fahlberg's FOIA request but did not produce any responsive records.

2. The Gabbard Video, which was posted on June 10, 2025, on X and YouTube, uses artwork from the Hiroshima Peace Memorial Museum to describe the horrors of nuclear war. The video contains a professional soundtrack and graphics

    simulating a nuclear attack on San Francisco. The video includes footage of Ms. Gabbard in Hiroshima and the Hiroshima Peace Memorial Museum.

3. ODNI is the custodian of records that are responsive to National Review's request. ODNI failed to produce the responsive records. No reason was given for ODNI's constructive denial of National Review's request.

4. National Review seeks injunctive and declaratory relief as well as an award of costs and fees pursuant to FOIA's fee-shifting provision (5 U.S.C. § 552(a)(4)(E)).

## VENUE AND JURISDICTION

5. This Court is the proper venue pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

6. This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, 2202.

## PARTIES

7. Plaintiff, National Review Inc., is a conservative political magazine. National Review Inc. is incorporated in New York. National Review's principal place of business is located at 19 West 44th Street, Suite 1701, New York, N.Y.

8. Defendant, Office of the Director of National Intelligence, is a Federal agency that is *sui juris*. Office of the Director of National Intelligence is part of the Federal government with its principal office located at 1500 Tysons McLean Drive, McLean, VA. Tulsi Gabbard is the current Director of National Intelligence (DNI). According to ODNI website, the DNI serves as "the head of the Intelligence Community, overseeing and directing the implementation of the National Intelligence Program budget and serving as the principal advisor to the

President, the National Security Council, and the Homeland Security Council for intelligence matters related to national security."

## FACTUAL ALLEGATIONS

### A. Background

9. National Review. was founded in 1955 as a "magazine of conservative opinion." National Review has published articles about actions and policies of the U.S. Government for more than seven decades. It publishes a magazine twelve times a year and remains an influential source of news and opinion. It publishes a constant stream of online news and opinion on its website Nationalreview.com.

10. National Review was incorporated in New York in 1959.

11. Audrey Fahlberg is a political reporter for National Review. She has reported for National Review for approximately two years. Prior to National Review, Ms. Fahlberg was a reporter for The Dispatch for approximately two years.

12. Ms. Fahlberg writes extensively on U.S. Politics & Policy. For example, Ms. Fahlberg authored for publication in National Review: "Elon Musk's Opposition to Domestic Policy Bill Presents New Challenges for GOP Leadership," "Trump's First 100 Days of Executive Action Were Busier Than FDR's: 'We're Not Going to Restrain Ourselves,'" and "Negotiable or Permanent? Deep Disagreements Emerge in GOP over Strategic Aim of Tariffs." A list of Ms. Fahlberg's articles published by National Review can be found at https://www.nationalreview.com/author/audrey-fahlberg/.

13. In her current position as a reporter for National Review, she is currently working on a news article on the Gabbard Video.

14. On or about June 10, 2025, Tulsi Gabbard posted a video outlining the history of the atomic bomb dropped on Hiroshima, the aftermath of the Hiroshima bombing, and the horrors of nuclear warfare. ABC News describes how in the video Gabbard "reflected on the devastation and 'haunting sadness' caused by the atomic bomb" and how she warned "that political elite and warmongers are fomenting fear and tension, pushing us closer to 'the brink of nuclear annihilation than ever before.'" ABC News also states that the Gabbard Video "describes in detail what a nuclear event could mean for the United States -- including a simulation of a nuclear attack on San Francisco, California, which appears to destroy the Golden Gate Bridge." The ABC News' article can be found at https://abcnews.go.com/Politics/tulsi-gabbard-warns-nuclear-war-social-media-video/story?id=122731886.

15. The Gabbard Video was posted on Ms. Gabbard's X account and on YouTube. The Gabbard Video can be viewed at https://x.com/TulsiGabbard/status/1932368919039459348?lang=en and https://www.youtube.com/watch?v=NpuPHg2Bh5k.

16. The production value of the Gabbard Video is excellent. The Gabbard Video, for example, uses advanced graphics, a professional soundtrack, and content from the Hiroshima Peace Memorial Museum. The Gabbard Video uses special effects, for example, to animate a museum exhibit and to simulate the destruction of the Golden Gate Bridge.

17. At least part of the Gabbard Video was filmed while Ms. Gabbard was on a trip to Hiroshima.

**B.  National Review's FOIA Request on June 16, 2025**

18. On June 16, 2025, National Review's reporter, Audrey Fahlberg, submitted a FOIA request to ODNI.

19. National Review sought all records and communication related to the planning, production and distribution of the Gabbard Video.

20. More specifically, National Review sought:

   1. All records related to the making of the Gabbard Video.

   2. Any communication related to the Gabbard Video.

   3. Any communication, notice, or written permission authorizing the expenditure of funds related to the making of the Gabbard Video.

   4. Any communication with a production, film, editing, writing, or similar company related to the making of the Gabbard Video.

   5. Any contract related to the making of the Gabbard Video.

   6. Any permission or authorization to film any part of the Gabbard Video in or around the Hiroshima Peace Memorial Museum.

   7. Any contract with a production, film, editing, writing, or similar company related to the making of the Gabbard Video.

   8. Any contract, license or authorization to use materials or images in the Gabbard Video. This includes, but is not limited to, materials held by the Hiroshima Peace Memorial Museum.

   9. Any contract, license or authorization for any music used in the Gabbard Video.

    10. Any contract, license or authorization to use any copyrighted material in the Gabbard Video.

    11. Any contract for graphic design, digital artwork, animation, or computer-generated imagery used in the Gabbard Video, such as for images of the simulated attack on San Francisco with a nuclear weapon; the animation of survivor artwork; and the digital simulation of nuclear fallout.

    12. Any purchase order, invoice, receipt, travel voucher, request for proposal, or similar record related to the making of the Gabbard Video.

    13. Any records related to any donation or payment made to the Hiroshima Peace Memorial Museum from January 1, 2025, to the present.

    14. Any communication with the Hiroshima Peace Memorial Museum from January 1, 2025, to the present.

21. On June 17, 2025, ODNI acknowledged receipt of National Review's FOIA request.

22. ODNI assigned National Review's request the tracking number DF-2025-00531.

**C. National Review's Administrative Appeal**

23. On July 8, 2025, National Review administratively appealed ODNI's constructive denial of its FOIA request.

24. ODNI acknowledged receipt of National Review's administrative appeal on July 11, 2025.

25. On July 15, 2025, ODNI responded by email to National Review's administrative appeal. More specifically, ODNI responded in part: "An appeal cannot be filed until a final response has been issued."

6

26. On July 21, 2025, Natonal Review sent an email to ODNI FOIA Officer, arguing that ODNI had constructively denied National Review's FOIA request, and further arguing that it was unreasonable for ODNI to withhold recently created responsive records.

27. ODNI responded to National Review's July 21 email on July 22. It indicated, without explanation, that National Review's request had been assigned to the "complex track" rather than the "simple track." Despite a boilerplate promise to produce records "promptly," ODNI further indicated that it would take approximately 9 months to produce records responsive to National Review's FOIA request.

28. ODNI did not, as required by 5 U.S.C. § 552(a)(6)(A)(i), notify National Review of whether or not it would comply with National Review's FOIA request. National Review, therefore, constructively exhausted its administrative remedies. *Khine v. United States Dep't of Homeland Sec.,* 943 F.3d 959, 966 (D.C. Cir. 2019) (holding that an agency must satisfy 5 U.S.C. § 552(a)(6)(C)(i) in order to trigger an administrative exhaustion requirement); *see also Citizens for Responsibility and Ethics in Washington v. Federal Election Commission,* 711 F.3d 180, 188 (D.C. Cir. 2013).

29. Accordingly, National Review brings this action asserting that ODNI failed to produce, in a reasonable time, the non-exempt records in ODNI's custody that are responsive to National Review's FOIA request.

## COUNT ONE: VIOLATION OF FOIA

30. Paragraphs 1 through 29 are realleged here as if set forth in full.

31. National Review submitted a valid FOIA request on June 16, 2025, to ODNI. In its request, National Review provided a legally adequate description of the records it seeks.

32. ODNI is the custodian of records that are responsive to National Review's June 16, 2025, FOIA request.

33. ODNI did not conduct a legally adequate search for records that are responsive to National Review's FOIA request.

34. ODNI did not produce any records responsive to National Review's June 16, 2025, FOIA request. Instead, ODNI engaged in delay tactics. National Review's FOIA request provided more than ample information for ODNI to search for and produce responsive records.

35. ODNI constructively denied National Review's June 16, 2025, FOIA request.

36. National Review exhausted its administrative remedies and constructively exhausted its administrative remedies.

37. ODNI, therefore, violated the Freedom of Information Act (5 U.S.C. § 552).

## RELIEF SOUGHT

38. For the foregoing reasons, Plaintiff respectfully asks this Court for:

    a. A declaration that ODNI violated FOIA;

    b. An injunction ordering ODNI promptly to produce all records that are responsive to National Review's FOIA request;

    c. An award of costs and fees pursuant to 5 U.S.C. § 552(a)(4)(E);

    d. Any other relief that the Court finds to be just.

8

Respectfully submitted,

 /s/ Don Padou                                                      Dated: September 4, 2025

DON PADOU
D.C. Bar No. 1005434
P.O. Box 659
Murphys, CA. 95247
202-664-4395
Padou@PadouLaw.com

9